J. MICHAEL FARRELL, TRIAL LAWYER
ATTY. I.D. NO. 33803
718 ARCH STREET
SUITE 402N
PHILADELPHIA, PA 19106
(215) 925-1105
ATTORNEY FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No.: 10-00184-001 |
| V. | : | |
| | : | |
| PATRICIA SMITH | : | |
| | : | |

**DEFENDANT'S MOTION FOR GUIDELINE DOWNWARD DEPARTURES
AND/OR STATUTORY VARIANCES**

NOW COMES, the Defendant, Patricia Smith, by J. Michael Farrell, Esquire, her

attorney, and pursuant to United States Sentencing Guidelines and 18 U.S.C. §3553(a) moves

this Court for downward departures and statutory variances and in support thereof, states as

follows:

1. On October 30, 2011, the Defendant appeared before the Honorable Jerome B.

Simandle and entered a guilty plea to Counts Four and Five the Indictment.

<u>Advisory Guideline Departures</u>

In determining whether to traditionally depart on the below basis, the Court should

consider the following four (4) factors:

- Outside the Heartland?

- Extraordinary?

- Atypical?

- Discouraged Basis?

The Sentencing Commission intends that sentencing courts treat each guideline as carving out a heartland, a set of typical cases which embody the conduct that each guideline describes.  When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted.  A federal court's examination of whether a factor can ever be an appropriate basis for departure is limited to determining whether the Commission has proscribed, as a categorical matter, consideration of the factor.  If the answer is no ...The sentencing court must determine whether the factor, as occurring in the particular circumstances, takes the case outside the heartland of the applicable Guideline.  <u>Koon v. United States</u>, 518 U.S. 81 (1996).

2.  The Defendant is entitled to a traditional guideline departure for the following reasons:

(1)    Aberrant behavior pursuant to §5K2.20;

(2)    Age pursuant to §5H1.1;

(3)    Mental and emotional conditions pursuant to §5H1.3;

(4)    Physical condition pursuant to §5H1.4;

(5)    Extraordinary family hardship;

(6)    Victim's wrongful conduct contributed significantly to provoking the offense behavior pursuant to §5K2.10; and

(7)    The recommended fraud advisory guideline sentence imprisonment range is not based on empirical evidence or national experience, fails to promote any purpose of sentencing, and is more than sufficient and greater than necessary.

## Variances

In determining whether to grant any of the below requested variances, the Court must give rational and meaningful consideration of the § 3553(a) factors that support the downward variance from the advisory guideline range. United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009)(en banc).

Moreover, in deciding whether to vary the court should be guided by the uniform and constant federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. Gall v. U.S., 128 S.Ct. 586 (2007).

3. The Defendant is entitled to statutory variances from the advisory guideline range for the following mitigating factors:

(1) Aberrant behavior pursuant to §5K2.20;

(2) Age pursuant to §5H1.1;

(3) Mental and emotional conditions pursuant to §5H1.3;

(4) Physical condition pursuant to §5H1.4;

(5) Extraordinary family hardship;

(6) Victim's wrongful conduct contributed significantly to provoking the offense behavior pursuant to §5K2.10;

(7) The recommended fraud advisory guideline sentence imprisonment range is not based on empirical evidence or national experience, fails to promote any purpose of sentencing, and is more than sufficient and greater than necessary; and

(8) The Combination of the Multiple Mitigating Circumstances Above Support a Variance below the Advisory Guideline.

3

## Conclusion

For the foregoing reasons, the Defendant requests that this Court grant the Defendant's traditional advisory guideline departures and/or statutory variances and to sentence the Defendant substantially below the advisory guideline range, specifically, to a split sentence of 12 months, six months in community custody and six months on home confinement.

Respectfully submitted,

J. MICHAEL FARRELL, ESQUIRE
Attorney for Defendant

Dated: 5/1/12

**J. MICHAEL FARRELL, TRIAL LAWYER**
**ATTY. I.D. NO. 33803**
**718 ARCH STREET**
**SUITE 402N**
**PHILADELPHIA, PA 19106**
**(215) 925-1105**
**ATTORNEY FOR DEFENDANT**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No.: 10-00184-001** |
| **V.** | : | |
| | : | |
| **PATRICIA SMITH** | : | |
| | : | |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Motion for Downward Departure and/or Variance was served via email and first class mail upon the following on this 1st day of May, 2012:

R. Stephen Stigall, AUSA
Office of the United States Attorney
401 Market Street, 4th Floor
P.O. Box 2098
Camden, NJ 08101
stephen.stigall@usdoj.gov

J. MICHAEL FARRELL, ESQUIRE