**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Camden Federal Building & U.S. Courthouse*      856/757-5026
*401 Market Street, 4th Floor*
*Camden, NJ 08101*

July 23, 2013

**VIA ECF AND HAND DELIVERY**

Honorable Jerome B. Simandle, Chief Judge
United States District Court
    for the District of New Jersey
Mitchell H. Cohen Plaza
One John F. Gerry Plaza
Fourth & Cooper Streets
Camden, NJ 08101

       Re:   United States v. Patricia Smith
             Crim. No. 10-184 (JBS)

Dear Chief Judge Simandle:

       The United States received defendant Patricia Smith's Motion To Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(2) in the above-referenced matter. Please accept this letter in lieu of a more formal submission as the Government's opposition to Smith's Motion. For the reasons that follow, Smith's motion should be denied.

       Once a criminal defendant has been sentenced, principles of finality limit the ability to challenge a final criminal judgment. Those principles were codified by the 1984 Sentencing Reform Act in Title 18, United States Code, Section 3582(c). "Section 3582(c) provides for very specific and limited circumstances under which a court may modify a sentence after it has been imposed." United States v. Washington, 549 F.3d 905, 914-17 (3d Cir. 2008); see also United States v. Flemming, 617 F.3d 252, 256-57 (3d Cir. 2010) (observing that generally a final judgment of conviction that includes a term of imprisonment may not be modified by a district court once it has been imposed); United States v. Houston, 529 F.3d 743, 753 n.2 (6th Cir. 2008); see United States v. Higgs, 504 F.3d 456, 459, 464 (3d Cir. 2007).

       Under Section 3582(c), a district court "may not modify a term of imprisonment once it is imposed except":

       - by an appeal under 18 U.S.C. § 3742; see 18 U.S.C. § 3557;

- by a motion to reduce the sentence filed by the Bureau of Prisons under Section 3582(c)(1)(A);

- by a motion to reduce the sentence based on a United States Sentencing Guidelines amendment filed under Section 3582(c)(2);

- by a motion to modify permitted by statute, see 18 U.S.C. § 3582(c)(1)(B); or

- by a motion to modify under Rule 35 of the Federal Rules of Criminal Procedure.  18 U.S.C. § 3582(c); see 18 U.S.C. § 3582(b).

Smith seeks a sentence reduction from the 24 months' imprisonment to which Your Honor sentenced her to "time served" pursuant to Section 3582(c)(2).  "[A] reduction under [18 U.S.C.] § 3582(c) is not authorized unless an amendment reducing the applicable guidelines range is among those listed in [U.S.S.G.] § 1B1.10(c)."  United States v. Wise, 515 F.3d 207, 221 (3d Cir. 2008).  Indeed, Section 1B1.10(a)(2) states:

> Exclusions – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if –
>
> (A)  none of the amendments listed in subsection (c) is applicable to the defendant; or
>
> (B)  an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2).

Here, Smith appears to base her Motion on Amendment 712 to the Guidelines.  That Amendment, however, simply struck Section 1B1.10 and its accompanying commentary and substituted in its place revised Section 1B1.10 and accompanying commentary. Amendment 712 is not among the amendments listed in Section 1B1.10(c), and thus cannot be the basis for a motion for a reduced sentence under Section 3582(c)(2).  Moreover, none of the amendments listed in Section 1B1.10(c) is applicable to Smith, nor do any of the listed amendments have the effect of lowering Smith's Guidelines range.

Accordingly, the sentence reduction Smith seeks is not

authorized, and the Court should deny her motion.

                                      Respectfully yours,

                                      PAUL J. FISHMAN
                                      United States Attorney

                                      **/s R. Stephen Stigall**

                                      BY: R. STEPHEN STIGALL
                                      Assistant U.S. Attorney


cc:  J. Michael Farrell, Esquire(via ECF)

     Patricia Smith (via First Class Mail)
     Reg. No. 61050-019
     Federal Prison Camp
     P.O. Box 7006
     Marianna, FL 32446