```
        IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| United States of America | HONORABLE JEROME B. SIMANDLE |
| v. | Criminal Action<br>No. 10-184 (JBS/JS) |
| Patricia Smith et al., | |
| Defendants. | **MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

    Before the Court is Defendant Patricia Smith's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] [Docket Item 153.] Defendant pleaded guilty on October 31, 2011 to two counts of wire fraud under 18 U.S.C. § 1343 for her role in a scheme to defraud financial institutions in connection with certain mortgage loans. On May 4, 2012, this Court sentenced Defendant to 24 months of imprisonment on each count to run concurrently and five years of supervised release on each count to run concurrently.[2] [Docket Item 122.] Defendant now seeks a reduction of her sentence from 24 months to time served and asks the Court

---

[1] Co-defendant, Jamilah Smith, filed a letter on the docket "requesting inclusion to" co-defendant, Patricia Smith's motion to reduce sentence. [Docket Item 159.] Because Ms. Jamilah Smith has not submitted any additional briefing or argument, the Court's findings herein as to Ms. Patricia Smith apply with equal force to Ms. Jamilah Smith.

[2] Defendant was also ordered to pay restitution of $892,168.01.

"to give retroactive effect to Amendment 712 under U.S.S.G. § 1B1.10." (Def. Br. [Docket Item 153.])

The Court will deny Defendant's motion to reduce sentence because Amendment 712 cannot be the basis for a motion for a reduced sentence under Section 3582(c)(2) and Defendant has failed to identify any amendments listed in Section 1B1.10(c) that apply to her case.

1. Under 18 U.S.C. § 3582(c)(2), the court may not modify a term of imprisonment once it has been imposed except that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 1B1.10 of the Sentencing Guidelines "provides that a reduction under § 3582(c)(2) is not authorized unless an amendment reducing the applicable guidelines range is among those listed in § 1B.10(c)." United States v. Wise, 515 F.3d 207, 221 (3d Cir. 2008); see also U.S. Sentencing Guidelines ("U.S.S.G.") § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if--(A) None of the amendments listed in

2

subsection (c) is applicable to the defendant; or (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.").

2.  Amendment 712 is not among the amendments listed in Section 1B1.10(c).[3] Amendment 712 struck Section 1B1.10 and its accompanying commentary and inserted revised Section 1B1.10 and accompanying commentary. U.S.S.G. app. C (2010).

3.  Defendant has not identified any other amendment to the Sentencing Guidelines that would be applicable her case, let alone an amendment listed under Section 1B1.10(c).

4.  The primary case relied on by Defendant is consistent with the Court's findings above.[4] In United States v. Wyatt, 115 F.3d 606 (8th Cir. 1997), defendant, who pleaded guilty to one count of attempting to possess with intent to distribute over 100 marijuana plants, sought a reduction of his sentence under

---

[3] Section 1B1.10(c) provides, "Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, and 750 (parts A and C only)." U.S.S.G. § 1B1.10(c).
[4] The other cases cited by Defendant are either consistent with the Court's conclusion or inapposite. Pepper v. United States, 131 S. Ct. 1229 (2011), supports the Court's conclusion that Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Section 3582(c) is referenced in Pepper only for the proposition that "[o]nce imposed, a sentence may be modified only in very limited circumstances." Id. at 1248. The Court is unable to determine how United States v. Martinez, 690 F.3d 1083 (8th Cir. 2012), is relevant to Defendant's motion for a sentence reduction. The portion of Martinez that Defendant relies on relates to the trial judges' discretion in awarding restitution. Id. at 1089.

3

18 U.S.C. § 3582(c)(2) in light of Amendment 516 to the Sentencing Guidelines. Wyatt, 115 F.3d at 607. Amendment 516 was adopted two years after his sentencing hearing and reduced the weight attributable to each plant of marijuana for sentencing purposes. Id. After finding Amendment 516 applicable to defendant's case, the Eighth Circuit remanded to the trial court to determine "whether and to what extent a sentence reduction [was] warranted on the basis of an amendment designated to apply retroactively." Id. at 608. Unlike Wyatt, Defendant here has not identified an amendment to the Sentencing Guidelines that has been designated to apply retroactively, and thus, the Court need not consider the factors under 18 U.S.C. § 3553(a) to determine whether a sentence reduction is appropriate.

5. The Court notes that Defendant asserts in her reply brief that "[t]he Motion also included 'Federal Constitutional Violations' (specifically Fourth and Sixth Amendments) as a result of the 'Ineffective Assistance of Counsel' and 'Prosecutorial Errors'. These Structural and Evidentiary Errors are subject to reversal per se, as they were submitted to both attorneys for myself and daughter although they were not adduced in our defense during trial or at any other time." (Def. Reply [Docket Item 158.]) However, Defendant fails to identify with any specificity the grounds for asserting a constitutional violation. Defendant cites to a series of federal statutes

4

without explaining how they relate to her case. Defendant also provides citations to 12 cases with no accompanying argument or explanation, and the Court is unable to divine a common theme among these cases.[5] If Defendant seeks to challenge her conviction or sentence on the grounds of ineffective assistance of counsel or an alternative ground for collateral attack, her remedy is to file a petition to vacate, set aside or correct her

---

[5] See United States v. Gonzalez-Lopez, 548 U.S. 140, 152 (2006) (finding trial court's erroneous deprivation of defendant's right to his choice counsel was not subject to harmless-error analysis); United States v. Martinez, 690 F.3d 1083, 1089 (8th Cir. 2012) (affirming trial court's sentence of defendant found guilty of conspiring to commit bank fraud); Chambers v. Mississippi, 410 U.S. 284, 302 (1973) (concluding that the exclusion of evidence and State's refusal to permit cross-examination denied petitioner a trial in accord with due process); Chapman v. California, 386 U.S. 18, 26 (1967) (finding comment on defendant's failure to testify was not harmless error); Brecht v. Abrahamson, 507 U.S. 619, 639 (1993) (finding that references to post-Miranda warning silence did not substantially influence the jury's verdict); Conde v. Henry, 198 F.3d 734, 742 (9th Cir. 1999) (granting habeas petition due to numerous trial errors including limitation on closing argument, failure to properly instruct the jury, and modification of pattern jury instructions, which resulted in a constitutionally deficient trial); United States v. Sarno, 73 F.3d 1470, 1503 (9th Cir. 1995) (finding that denial of defendant's right of allocution was not harmless because district court had discretion to impose a shorter sentence); Darden v. Wainwright, 477 U.S. 168, 182 (1986) (concluding that prosecutor's closing argument did not deprive petitioner of a fair trial and petitioner was not deprived of effective assistance of counsel); Hurlow v. United States, 726 F.3d 958, 967 (7th Cir. 2013) (finding petitioner's claims of ineffective assistance of counsel were sufficient to overcome the waiver in his plea agreement).

sentence under 28 U.S.C. § 2255.[6] Defendant should note, however, that a one-year limitation period applies to petitions under Section 2255.[7]

6.   In light of the foregoing, the Court will deny Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). An accompanying Order will be entered.


**May 1, 2014**                                                    **s/ Jerome B. Simandle**
Date                                                               JEROME B. SIMANDLE
                                                                   Chief U.S. District Judge

---

[6] Defendant alludes to evidence provided to her attorney, but "withheld from the case." (Def. Br. [Docket Item 153.]) However, Defendant does not explain the content of the documents listed, nor the effect these documents would have had on her case.

[7] "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." Clay v. United States, 537 U.S. 522, 532 (2003); see also Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999) ("[A] judgment of conviction does not become 'final' within the meaning of § 2255 until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari."). Here, Defendant filed a notice of appeal on May 17, 2012. [Docket Item 128.] On August 21, 2012, the Third Circuit dismissed Defendant's appeal pursuant to Fed. R. App. P. 42(b). [Docket Item 149.]